IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KELVIN ANTHONY LEE,

    Petitioner,

vs.                                      No.15-1003-JDB-egb

MICHAEL DONAHUE,

    Respondent.

___

ORDER GRANTING MOTION FOR ORDER REQUIRING RESPONSE (D.E. 9),
DENYING MOTION FOR RELEASE (D.E. 10),
and DIRECTING A RESPONSE TO THE HABEAS PETITION
___

On January 6, 2015, Petitioner Kelvin Anthony Lee, Tennessee Department of Correction ("TDOC") prisoner number 254111, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a habeas corpus petition under 28 U.S.C. §2254. (D.E. 1.) On January 9, 2015, Lee paid the filing fee. (D.E. 5.)

On August 4, 2015, Petitioner moved for an order requiring the Respondent to file an answer to his petition. (D.E. 9.) Lee contends that he is entitled to relief under *Miller v. Alabama*, __ U.S. ___, 132 S. Ct. 2455 (2012). In *Miller*, the United States Supreme Court held that a mandatory life-without-parole sentence for juvenile homicide offenses is cruel and unusual punishment. *Id.*, __ U.S. at __, 132 S. Ct. at 2469. The motion to require a response is GRANTED.

On August 4, 2015, Lee filed a motion seeking release on his own recognizance pending the decision on his habeas petition. (D.E. 10.) Release of a prisoner pending consideration of the habeas corpus petition is reserved for the extraordinary case. *See Lee v. Jabe*, 989 F. 2d 869,

871 (6th Cir. 1993) ("[s]ince a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."). To warrant release, the petitioner must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstances making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964)). Lee's claims do not present an extraordinary or exceptional case deserving special treatment. The motion for release pending resolution of this habeas petition, (D.E. 10,) is DENIED.

It is ORDERED, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, that Respondent file a response to the petition within twenty-three days. The response shall include the complete trial and appellate record of Petitioner's original case and any subsequent state petitions for collateral relief.

It is further ORDERED, pursuant to Rule 4, that the Clerk send a copy of the petition and this order to Respondent and to the Tennessee Attorney General and Reporter by certified mail.

Pursuant to Rule 5(e), Lee may, if he chooses, submit a reply to Respondent's answer or response within thirty days of service and may request an extension of time to reply if his motion is filed on or before the due date of his response. The Court will address the merits of the petition or motion after the expiration of Petitioner's time to reply, as extended.

IT IS SO ORDERED, this 21st day of October 2015.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE